PER CURIAM:
Claimant brought this action for damage to his vehicle which occurred when he was operating his vehicle on State Route 2 between New Martinsville and Moundsville in Marshall County and a large rock fell from a hillside striking his car. Respondent was responsible at all times herein for the maintenance of State Route 2 in Marshall County. The Court is of the opinion to make an award in this claim for the reasons set forth below.
The incident giving rise to this claim occurred on December 12, 2002, at approximately 7:45 p.m. Claimant was driving his 1992 Dodge Shadow ES Hatchback with his girlfriend who was sitting in the front passenger seat. They were proceeding northbound on State Route 2 from claimant’s home in New Martinsville to McMechen in Marshall County. It was a dark, damp, cool evening. Claimant testified that there had been a lot of “freeze/thaw” activity during tins period. Claimant travels this portion of road frequently and he had last done so the prior day. State Route 2 at this location is a two-lane, asphalt highway with a yellow center line and white edge lines on each side of the road. Each lane is twelve and one-half feet wide and the total width of the road is twenty-five feet. The shoulder of the road is approximately two and one half feet wide on each side of the road. Claimant estimates that there is an approximate twenty foot berm on the right side of the northbound lane where the mountainside at issue is located. He believes that the berm on the opposite side of the road is a little wider. Claimant stated that he was traveling approximately fifty-five miles per hour just north of the Consolidated Coal Company offices when suddenly a large rock fell from the hillside, bounced out of the ditch on the side of the road, and struck the right front of the vehicle. *75 Claimant estimated that the rock was eighteen inches in diameter. He stated that he did not see the rock until the impact. According to claimant, there were two vehicles approximately one hundred-fifty to two hundred feet in front of his vehicle and there were two vehicles behind him. He was unable to swerve into the southbound lane because there was oncoming traffic. The impact totaled claimant’s vehicle and caused claimant’s girlfriend to suffer a broken ankle. However, claimant suffered no personal injuries. Claimant testified that the area of this incident is a known rock fall area and he is aware that rock slides have occurred often. He stated that there are piles of rocks on the road side where the respondent has had to push them out of the travel portion of the road. Further, claimant testified that respondent has attempted to prevent rock slides from reaching the road at this location. He stated that respondent has placed a permanent rock fence, and some barriers at this location. Claimant submitted a tow bill into evidence in the amount of $180.00 and an estimate from “Kelly Bluebook” which valued a 1992 Dodge Shadow ES Hatchback at $1,885.00. Thus, claimant seeks a total award in the amount of $2,065.00. Claimant testified that he purchased his vehicle approximately five months prior to this incident and that it had between sixty and seventy thousand miles on it. He also testified that the vehicle was in excellent condition other than a problem with the paint not adhering well to the body of the car.
Claimant contends that respondent knew or should have known that there was a high risk of rock falls at this location, and yet failed to take adequate action to remedy this hazardous condition.
It is respondent’s position that it has taken adequate measures to remedy rock falls in this location and that it did not have notice of this particular rock fall hazard.
Christopher Minor, Highway Administrator Two for respondent in Marshall Comity, is responsible for all routine maintenance of highways in Marshall County including the portion of State Route 2 at issue in this claim. Mr. Minor is familiar with the location of this incident and refers to it as the “Southern Narrows.” He testified that the “Southern Narrows” begin at the Consolidated Coal Company offices where State Route 2 is a two-lane road, and extends north for three-quarters of a mile to Washington Lands where State Route 2 becomes a four- lane highway. He stated that this location is considered a rock fall area and that it is signed as such. According to Mr. Minor, there is a rock fall warning sign for northbound traffic approximately one hundred feet from the intersection of “Consol Coal Offices.” He estimated that the portion of road within this rock fall area is approximately three-quarters of a mile. Further, he testified that rock fall warning signs have been present at this location for at least twenty-six years. Mr. Minor testified that there are other areas along State Route 2 that have more rock falls than the location at issue, but he admitted that there are rock falls at the location of this incident especially when there is a “freeze/thaw”cycle. Mr. Minor distinguished the “Southern Narrows” from what is referred to as “The Narrows”. He stated that “The Narrows” is that portion of State Route 2 located between Glendale and McMechen approximately fourteen miles north of the location of the incident herein. According to Mr. Minor, rock falls are less prevalent in the “Southern Narrows.” He estimated that the “Southern Narrows” do not have a tenth of the “situation” as does “The Narrows.” In addition, he stated that the “Southern Narrows” area is not lighted.
Mr. Minor testified that respondent did not have notice of this rock fall until after claimant’s incident. Respondent was called out at 8:00 p.m. by a deputy sheriff who informed respondent that a vehicle had struck a rock in the road while traveling through the “Southern Narrows.” Respondent introduced a DOH-12 into evidence which indicated that it responded to an emergency regarding a rock fall. Mr. Minor testified *76 that respondent did not have any information about this particular rock falling onto the road until after the incident occurred. Further, he stated that during freeze and thaw cycles respondent has a patrolman on duty twenty-four hours per day. However, at the time of this incident, respondent had only one shift and it had to “call out” an employee on duty to respond to the scene to remove this rock. Mr. Minor testified that since respondent was not operating on a twenty-four hour patrol cycle it was probably not the standard freeze/thaw winter cycle.
It is a well established principle that the State is neither and insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va. 1947). Toholdrespondentliable,claimantmustestablishbyapreponderance of the evidence that respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Prittv. Dept. of Highways 16 Ct. C1.8 (1985).
In the present claim, the Court is of the opinion that respondent had constructive notice of the rock fall hazards in the area at issue. While the “Southern Narrows” portion of highway at issue does not present as great a risk for rock falls as “The Narrows,” it is nonetheless a known rock fall area. The evidence adduced at the hearing indicates that there is a significant number of falling rock incidents at this location. Further, the road is not lighted which makes it more difficult for the traveling public to avoid rocks that may be in the road. In addition, the evidence established that this incident occurred during a freeze/thaw cycle which increases the risk of falling rocks. However, respondent failed to have a patrolman on duty at the time of this incident. Instead, respondent had to call an employee at home to respond after the incident occurred. The actions taken by respondent in this claim are not adequate to protect the traveling public from a known hazard. Thus, the Court is of the opinion that respondent is liable for the damages which proximately flow from its inadequate protection of the traveling public at this specific location of State Route 2 in Marshall County, and further, that respondent is liable for the damages to claimant’s vehicle.
In accordance with the findings of fact and conclusions of law as stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $2,065.00.
Award of $2,065.00.